UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE JAMES MINCEY, JR., LINDA A. MASON-MINCY,<br><br>Plaintiffs,<br><br>v.<br><br>BETTY M. PUIIA, BETTY M. COMEAU, BETTY M. COMEAU, Trustee of the Betty M. Comeau Trust Dated May 7, 2019, UNITED STATES, et al.,<br><br>Defendants. | No.  2:20-cv-0571 JAM DB PS<br><br>ORDER |

Plaintiffs Willie James Mincey, Jr., and Linda A. Mason-Mincy, are proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiffs commenced this action of March 16, 2020, by filing a complaint and paying the required filing fee.  (ECF No. 1)

On May 20, 2020, plaintiffs filed a motion for summary judgment.  (ECF No. 11.)  That motion is noticed for hearing before the undersigned on August 28, 2020.  (ECF No. 13.) Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Under summary judgment practice, the moving party "initially bears the burden of proving

1 the absence of a genuine issue of material fact." In re Oracle Corp. Securities Litigation, 627
2 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

3     The moving party may accomplish this by "citing to particular parts of materials in the
4 record, including depositions, documents, electronically stored information, affidavits or
5 declarations, stipulations (including those made for purposes of the motion only), admission,
6 interrogatory answers, or other materials" or by showing that such materials "do not establish the
7 absence or presence of a genuine dispute, or that the adverse party cannot produce admissible
8 evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). In this regard, summary judgment
9 should be entered, after adequate time for discovery and upon motion, against a party who fails to
10 make a showing sufficient to establish the existence of an element essential to that party's case,
11 and on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322.

12     Here, the time for defendants to file a response to the complaint has not passed, let alone
13 adequate time for discovery. Moreover, on June 3, 2020, defendants filed an ex parte application
14 for an extension of time to respond to plaintiffs' complaint. (ECF No. 12.) Therein, defendants
15 explained that "the ongoing coronavirus public health emergency" has made unavailable
16 documents held by the Federal Records Center establishing that plaintiffs' action is "*res judicata*
17 bar[red].[.]" (Defs.' Ex. Parte. App. (ECF No. 12.) at 1-2.) The undersigned granted defendants'
18 request in an order issued on June 5, 2020. (ECF No. 13.)

19     On July 14, 2020, defendants again filed an ex parte request, this time seeking a stay of
20 this action or a second extension of time to respond to plaintiffs' complaint. (ECF No. 14 at 1.)
21 Therein, defendants explain that the "Federal Records Center . . . is 'closed until further notice.'"
22 (Ortiz Decl. (ECF No. 14-1) at 2.) The Federal Records Center has "case records" that would
23 "govern the *res judicata* analysis and could be dispositive." (Mem. P & A (ECF No. 14-3) at 5.)
24 Good cause appearing, defendants' request for a second extension of time will be granted.[1]
25 ////
26 ////

---

[1] Plaintiffs are cautioned that should the Federal Records Center remain closed the undersigned will likely grant a future request to stay this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' May 20, 2020 motion for summary judgment (ECF No. 11) is denied without prejudice to renewal as premature;

2. The August 28, 2020 hearing of plaintiffs' motion for summary judgment is vacated;

3. Defendants' July 14, 2020 ex parte request for an extension of time (ECF No. 14) is granted; and

4. Defendants shall file a response to plaintiffs' complaint within ninety days of the date of this order.

Dated:  July 16, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\mincey0571.eot2.ord