UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE JAMES MINCEY, JR., LINDA A. MASON-MINCEY, <br><br> Plaintiffs, <br><br> v. <br><br> BETTY M. PUIIA, BETTY M. COMEAU, BETTY M. COMEAU, Trustee of the Betty M. Comeau Trust Dated May 7, 2019, UNITED STATES, et al., <br><br> Defendants. | No. 2:20-cv-0571 JAM DB PS <br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiffs Willie James Mincey, Jr., and Linda A. Mason-Mincey, are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is defendants' motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 19.) For the reasons stated below, the undersigned recommends that defendants' motion to dismiss be granted and plaintiffs' complaint be dismissed without leave to amend.

**BACKGROUND**

Plaintiffs, proceeding pro se, commenced this action on March 16, 2020, by filing a complaint and paying the required filing fee. (ECF No. 1.) Therein, plaintiffs allege that this

1

action concerns "real property" located at 5505 Valhalla Drive, Carmichael, California. (Compl. (ECF No. 1) at 1.[1]) According to the complaint, plaintiffs "are married individuals" and "[a]ll real and personal property own (sic) in marriage is community property." (Id.) On August 20, 1971, a "Grant Deed" to the property was recorded as to "Betty M. Puiia and James E. Puiia[.]" (Id.) Betty and James divorced and a Sacramento County Superior Court ordered the property "be listed with [a] real estate broker before July 4, 1980" to be sold. (Id. at 1-2.)

On September 18, 1981, James Puiia "quitclaimed his interest in the property to Betty Puiia[.]" (Id. at 2.) This transfer was premised on an "agreement" that Betty Puiia would either refinance the property or sell the property and use the proceeds to "satisfy the tax liens[.]" (Id.) "Betty Puiia did neither." (Id.) On June 8, 1984, the Internal Revenue Service "seized" the property "from James E. Puiia, taxpayer, for nonpayment[.]" (Id.) James Puiia died on May 14, 1984. (Id.) On May 25, 1984, Betty Puiia filed an "Affidavit-Death of Joint Tenant transferring" the property. (Id.)

Based on these allegations, the complaint asserts state law causes of action for "CANCELLATION OF DEEDS," and "Priority of Interest in Real Property." (Id. at 2-4.) Defendants Betty M. Puiia, Betty M. Comeau, and Betty M. Comeau, as trustee of the Betty M. Comeau Trust dated May 7, 2019, filed the pending motion to dismiss on November 25, 2020.[2] (ECF No. 19.) Plaintiffs filed an opposition on December 1, 2020. (ECF No. 20.) Defendants filed a reply on December 23, 2020. (ECF No. 21.) Defendants' motion was taken under submission on January 4, 2021. (ECF No. 22.)

**STANDARD**

**I.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] The complaint also names as a defendant the United States. However, on May 19, 2020, the United States filed a Disclaimer of Interest, noting that the complaint seeks "no relief from the United States." (ECF No. 6 at 1.)

2

1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**ANALYSIS**

**I. Subject Matter Jurisdiction**

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different

States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Here, plaintiffs' complaint fails to allege a basis for subject matter jurisdiction. The complaint alleges only state law causes of action. And it appears that plaintiffs and defendants may be citizens of California, meaning there is an absence of complete diversity in this action. (Compl. (ECF No. 1) at 1; ECF No. 8.)

## II.     Rooker-Feldman

Under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman

5

doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U .S. 1111 (2006)). "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

Here, the complaint alleges that plaintiffs raised the claims asserted in this action previously in a state court action and were unsuccessful. (Compl. (ECF No. 1) at 2.) And in opposing defendants' motion to dismiss, plaintiffs argue that "[w]e are here today after the numerous lawsuits on issue of 5505 Valhalla Dr.," and asks the "court to look at judgment in Superior Court Case #714250." (Pl.'s Opp.'n (ECF No. 20) at 2.) In this regard, it appears that plaintiffs are state court losers now inviting this court to review and reject the judgment of the state court.

////

**III.    Res Judicata**

The doctrine of res judicata, or claim preclusion, "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." United Sates v. Tohono O' Odham Nation, 563 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). Under the Full Faith and Credit Statute, 28 U.S.C. § 1738, a federal court must accord a state judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was entered.

To determine whether a state court decision is preclusive, federal courts must refer to the preclusion rules of the relevant state. Miofsky v. Superior Court of California, 703 F.2d 332, 336 (9th Cir. 1983). Under California law, res judicata applies where the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n, 60 Cal. App. 4th 1053, 1065 (1998) (quotation marks omitted).

The elements necessary to establish res judicata are: "(1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding." Villacres v. ABM Indus., Inc., 189 Cal. App. 4th 562, 577 (2010).

Here, plaintiff Willie James Mincey previously filed an action in this court on January 20, 1989, raising the claims raised here against the same defendants. See Mincey v. U.S., No. 2:89-cv-0078 LKK JFM (E.D. Cal. 1989).[3] On appeal, the Ninth Circuit held that "the doctrine of res

---

[3] The court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).

judicata bars Mr. Mincey from seeking vindication against Mrs. Puiia of his alleged interest in Mrs. Puiia's home." Mincey v. U.S., 956 F.2d 275, 1992 WL 33927, at *1 (9th Cir. 1992) (unpublished). "A judgment issued by a federal court 'is final for purposes of res judicata until reversed on appeal, modified or set aside in the court of rendition.'" Susilo v. Robertson, No. CV 12-9796 CAS (PJWx), 2013 WL 989959, at *4 (C.D. Cal. Mar. 11, 2013) (quoting Martin v. Martin, 2 Cal.3d 752, 761 (1970)). Although plaintiff Linda Mason-Mincey was not a party to the prior action, plaintiff Linda Mason-Mincey stands in privity with plaintiff Willie James Mincey, Jr., as the two were married during the events at issue. See Mueller v. J. C. Penney Co., 173 Cal.App.3d 713, 723 (1985).

## LEAVE TO AMEND

For the reasons stated above, the complaint should be dismissed. The undersigned has carefully considered whether plaintiffs could amend the complaint to state a claim over which the court would have subject matter jurisdiction. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Given the deficiencies noted above the undersigned finds that it would be futile to grant plaintiffs leave to amend.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's November 25, 2020 motion to dismiss (ECF No. 19) be granted;

2. The complaint filed March 16, 2020 be dismissed without prejudice; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 18, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\mincey0571.mtd.f&rs